FILED
2019 Oct-10 AM 11:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| TRONDHEIM CAPITAL PARTNERS LP, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| LIFE INSURANCE COMPANY OF ALABAMA, et al., | ) ) ) |
| Defendants. | ) |

Case No. 4:19-CV-1413-KOB

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on a motion to dismiss filed by Defendants Life Insurance Company of Alabama, Marvin Lynn Lowe, Raymond Rudolph Renfrow, Jr., Ann Daugette Renfrow, Rosalie Renfrow Causey, Alburta Daugette Low, and Clarence William Daugette. (Doc. 9). In their motion to dismiss, the Defendants assert, among other things, that Plaintiffs Trondheim Capital Partners LP and MTP 401K Plan failed to sufficiently plead diversity jurisdiction because they did not show complete diversity of citizenship, as they failed to provide the citizenship of Trondheim's partners. (Doc. 9 at 1-2).

The court entered an order to show cause, requiring Trondheim to show why the court should not dismiss its complaint for lack of subject matter jurisdiction. (Doc. 10). Trondheim then filed a response to the Defendants' motion to dismiss and the court's order to show cause. (Doc. 12). In its response, Trondheim set forth the citizenship of its partners and argued that it had sufficiently alleged diversity jurisdiction to overcome the Defendants' motion to dismiss. (Doc. 12 at 4–11).

Although the Plaintiffs have provided information relevant to jurisdiction in their response, their complaint remains deficient. While the Defendants did not mention the rule by name, they effectively raised a facial challenge to the exercise of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) facial challenge is "based solely on the allegations in the complaint." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). The Plaintiffs' complaint identifies Trondheim merely as a limited partnership headquartered in Delaware but does not allege the citizenship of Trondheim's partners. (Doc. 1 at ¶ 2). To establish diversity jurisdiction in a complaint, a partnership is required to prove the citizenship of each of its members. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010). Thus, the complaint does not establish complete diversity as required to confer subject matter jurisdiction on this court. 28 U.S.C. § 1332. Despite the information provided in the Plaintiffs' response, the complaint still does not meet the pleading requirements.

Therefore, the court **GRANTS** Defendants' motion to dismiss for lack of subject matter jurisdiction. However, in light of the jurisdictional information in the Plaintiffs' response, the court **WILL GIVE LEAVE** to Plaintiffs to amend their complaint. Plaintiffs are directed to file their amended complaint on or before October 17, 2019.

**DONE** and **ORDERED** this 10th day of October, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE